STATE OF NORTH CAROLINA v. STEVIE ODELL STUKES

No. COA01-1565

(Filed 5 November 2002)

**1. Appeal and Error— preservation of issues—no objection at trial—ruling sought by defendant**

The State did not preserve for appeal the contention that the trial court erred by concluding without an evidentiary hearing that newly discovered evidence was probably true where the State argued against the need for such a hearing before the trial court.

**2. Evidence— not provided to court—not considered**

The trial court did not err by granting defendant a new trial without considering certain evidence of State's witnesses from a prior trial of another person. The entire transcript was not provided to the court and it is not the responsibility of the trial judge to review evidence not provided by the parties and not in the record. Moreover, that evidence will not be considered on appeal.

**3. Evidence— hearsay—used for nonhearsay purpose**

The trial court did not err when considering newly discovered evidence by including certain letters in its findings where the letters were hearsay but were used solely for the purpose of understanding the importance and nature of the new evidence.

Appeal by the State from order signed 24 August 2001 by Judge Russell J. Lanier, Jr. in Duplin County Superior Court. Heard in the Court of Appeals 14 October 2002.

*Attorney General Roy Cooper, by Assistant Attorney General John G. Barnwell, for the State.*

*Nora Henry Hargrove for defendant-appellee.*

TYSON, Judge.

The State appeals from Judge Lanier's order granting defendant's motion for appropriate relief on the basis of newly discovered evidence. We affirm.

## I. Facts

Stevie Odell Stukes, ("defendant"), was tried and found guilty of first degree murder, robbery with a dangerous weapon, and discharging a weapon into occupied property. The State's evidence tended to show that LaLa Faison was visiting with J.W. Merritt ("victim") on a dirt road near Wallace, North Carolina. Faison saw a man known as "Pokey" in a car parked on the side of the road. Daniel Williams stood with Pokey and held a shotgun. The victim, Pokey, and Williams talked.

Pokey suggested that Williams put the gun away. Williams replied, "You don't believe I"ll pull it[.]" The victim joined by stating, "Well, pull it then." Williams fatally shot the victim in the stomach. Williams asked the victim if he wanted him to pull the trigger again. Williams got back in the car, and defendant drove the car away. Defendant never stepped outside of the car during the entire incident.

After the shooting, defendant drove up to Jackie Hall's trailer. Jackie stated that she heard defendant tell her to open the door. Her children also stated that they heard defendant. Someone fired a gun into Jackie's trailer. There was testimony at defendant's trial that defendant was seen coming up to the trailer with the gun in his hand. However, Williams testified at his own trial that he actually shot the gun into Jackie Hall's trailer.

Defendant drove Williams to Corey Plumber's Place, a local club. Robert Wright worked at the club that day and testified that defendant and Williams had been at the club earlier in the day. Williams stormed into the club by himself pointing a shotgun stating, "This is a stick up." Williams threatened Wright as Wright tried to open the cash register. When the drawer opened, Williams took the money and then started demanding money from others inside the club. Defendant then entered the club and convinced Williams to leave.

Defendant, Williams, and Pokey were stopped the next morning in Jacksonville. Consent was given to search the car. Officers found a shotgun with one shell in the chamber in the trunk, and three more shells were found in Williams' shirt pocket.

Defendant's evidence included testimony by defendant to his crack cocaine addiction. Defendant also testified to having given Williams and his girlfriend a ride to Hardee's for breakfast, to Corey's Place for pool and beer, to the dirt road to get crack cocaine, to Williams' trailer to smoke crack cocaine, and then back to the dirt

road to sell a gun. Defendant testified that he had no indication that Williams would shoot the victim, and that he drove the car as Williams demanded because he was scared.

Defendant was indicted for the murder of the victim, accessory after the fact of murder, robbery with a dangerous weapon, and for discharging a firearm into occupied property. On 10 March 1997, defendant was tried before a jury in Duplin County Superior Court with Judge James D. Llewellyn presiding. The jury found the defendant guilty of first degree murder, on the basis of aiding and abetting Williams, and guilty of the other charges. Defendant was sentenced to life without parole for first degree murder, and consecutive terms of 103 to 133 months for the robbery conviction and 34 to 50 months for discharging a weapon into occupied property. The court arrested judgment on defendant's conviction of accessory after the fact of murder. Defendant appealed to this Court, and we found no error in defendant's trial. *State v. Stukes*, 129 N.C. App. 845, 504 S.E.2d 280, *disc. review denied*, 349 N.C. 238, 516 S.E.2d 606 (1998).

After defendant's conviction, Williams was tried for the murder of the victim as well as robbery with a dangerous weapon, and discharging a firearm into occupied property on 9 June 1997. The jury found Williams guilty of second degree murder, robbery with a dangerous weapon, and discharging a weapon into occupied property. Williams received consecutive terms of 189 to 236 months for second degree murder, 77 to 102 months for robbery with a dangerous weapon, and 29 to 44 months for discharging a weapon into occupied property. During Williams' trial, he made statements that tended to exculpate defendant.

On 10 September 1999, defendant filed a motion for appropriate relief and the State responded by requesting the trial court to dismiss defendant's motion. Judge Lanier "denied and dismissed" the motion by order dated 9 August 2000. Judge Lanier, by order dated 24 August 2000, allowed the defendant to file a response to the motion to dismiss. On 30 August 2000, defendant filed an amendment to his motion for appropriate relief and a response to the State's motion to dismiss.

On 1 March 2001, defendant filed a motion for reconsideration of the motion for appropriate relief and order allowing dismissal. By order dated 7 June 2001, Judge Lanier vacated the order denying defendant's motion for appropriate relief, and allowed the State to file a response to the additional matters brought forth in defendant's amendment. The State's response was filed 3 July 2001.

On 29 August 2001, Judge Lanier allowed defendant's motion for appropriate relief and allowed a new trial on all charges. The State appeals.

## II. Issues

The State assigns as error the trial court's (1) making conclusions of law that there was (a) newly discovered evidence (b) which was probably true and (c) did not tend merely to contradict, impeach or discredit the testimony of a former witness and (d) is of such nature that a different result will probably be reached at a new trial. The State argues that a trial court may not resolve questions of fact, including credibility determinations regarding witnesses without conducting an evidentiary hearing at which the court has the opportunity to hear and observe the witnesses. The State also assigns as error the trial court's (2) making credibility determinations about Williams' testimony in his trial without hearing or considering the evidence of the State's witnesses in that trial and without considering Williams' own testimony in its entirety, and (3) including in its findings of fact hearsay in the form of letters written by Williams which were not "newly discovered" evidence, and that were not "probably true."

## III. Standard of Review

Defendant must establish the following to prevail upon a motion for appropriate relief on the ground of newly discovered evidence: (1) that the witness or witnesses will give newly discovered evidence, (2) that such newly discovered evidence is probably true, (3) that it is competent, material and relevant, (4) that due diligence was used and proper means were employed to procure the testimony at the trial, (5) that the newly discovered evidence is not merely cumulative, (6) that it does not tend only to contradict a former witness or to impeach or discredit him, (7) that it is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail. N.C.G.S. § 15A-1415(c) (2001); *State v. Britt*, 320 N.C. 705, 712-13, 360 S.E.2d 660, 664 (1987).

> The decision of whether to grant a new trial in a criminal case on the ground of newly discovered evidence is within the trial court's discretion and is not subject to review absent a showing of an abuse of discretion. Findings of fact made by the trial court are binding on appeal if they are supported by the evidence.

*State v. Wiggins*, 334 N.C. 18, 38, 431 S.E.2d 755, 767 (1993) (citations omitted).

## IV. Lack of Evidentiary Hearing

**[1]** The State contends that the trial court erred in concluding as a matter of law that the newly discovered evidence was probably true, did not merely contradict, impeach, or discredit the testimony of a former witness, and is of such a nature that a different result will probably be reached at a new trial. The State asserts that the conclusions of law are unsupported, and argues that a trial court may not resolve questions of fact, including determinations of a witnesses' credibility, without conducting an evidentiary hearing where the court has the opportunity to hear and observe the witnesses.

This assignment of error was not preserved for appeal. We do not reach the State's argument for an evidentiary hearing. N.C.G.S. § 15A-1446 states that "error may not be asserted upon appellate review unless the error has been brought to the attention of the trial court by appropriate and timely objection or motion." The statute recognizes some exceptions to this rule, none of which apply in the case at bar. Rule 10(b) of the Rules of Appellate Procedure requires a prior objection or motion for the requested ruling to preserve a question for appellate review. *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991).

At the hearing before the trial court, the State not only failed to preserve the alleged error for review, but also affirmatively argued against the need for an evidentiary hearing. In *State v. Bruno*, 108 N.C. App. 401, 412, 424 S.E.2d 440, 447 (1993), this Court held that the defendant could not complain that his own expert was not allowed to testify to impeach the data he successfully asked to be excluded. " 'A defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct.' " *Id.* (citing *State v. Patterson*, 332 N.C. 409, 420 S.E.2d 98 (1992)). The State's assignment of error is overruled.

## V. Consideration of Evidence form Defendant's Trial

**[2]** The State also argues that Judge Lanier erred in granting the new trial by. failing to consider the evidence of the State's witnesses at Williams' trial and Williams' testimony in its entirety before making credibility determinations.

In support of its motion for appropriate relief, defendant included relevant transcript pages of Williams' testimony. The entire transcript was never provided to the trial court. It is not the responsibility of the

trial judge to review evidence not provided by either party nor in the record before him. The State should have provided the trial court with the entire transcript, if it was deemed necessary for consideration of the issues.

We cannot now consider that evidence on appeal. Rule 9(a) of the Rules of Appellate Procedure provides that our review is limited to the record on appeal. N.C.R. App. P. 9 (a) (2002). Such record should "consist of a plain, accurate, and concise statement of what the record shows occurred in the trial court . . ." *State v. Hickman*, 2 N.C. App. 627, 629, 163 S.E.2d 632, 633 (1968). We will not consider statements from the Williams' transcript which was not included in the proceedings appealed from, and which would violate Judge Lanier's order of 17 December 2001 that excluded the full transcript of Daniel Williams' trial from the record on appeal. This assignment of error is overruled.

## VI. Previously Excluded Letters

[3] The State argues that the trial court erroneously included hearsay in its findings of fact in the form of letters written by Williams which were neither "newly discovered" evidence nor "probably true." The two letters, one from Williams to defendant in jail expressing an intention to testify to defendant's innocence and a second from Williams to defendant's trial attorney professing defendant's innocence, were offered into evidence at defendant's trial and were excluded as hearsay.

We previously found no error in the trial court's exclusion of these documents as inadmissible hearsay. *Stukes*, 129 N.C. App. 845, 504 S.E.2d 819 (1998). We agree with the State that the letters do not contain "newly discovered" evidence.

Judge Lanier never characterized the letters as "newly discovered evidence." The letters represented defendant's efforts to previously present evidence of his involvement in the crime at his trial. Judge Lanier did not use the letters for the "truth of the matter asserted." Judge Lanier relied upon the letters solely for the purpose of understanding the importance and nature of the new evidence, which was Williams' trial testimony. The letters were used for a nonhearsay purpose. We find no error in Judge Lanier's inclusion of a reference to the letters in his findings of fact.

We conclude that the trial court's findings of fact are supported by substantial evidence and that the State has failed to show

HATCHER v. DANIEL INT'L CORP.

[153 N.C. App. 776 (2002)]

any abuse of discretion by the trial court. We affirm the judgment of the trial court that granted defendant's motion for appropriate relief and awarded a new trial.

Affirmed.

Chief Judge EAGLES and Judge THOMAS concur.