IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-877

Filed: 5 May 2020

Alleghany County, Nos. 14 CRS 50314-15

STATE OF NORTH CAROLINA

v.

EDWARD BICKERTON LANE, JR.

Appeal by defendant from orders entered 18 May 2018 and 11 January 2019 by Judge Michael D. Duncan in Alleghany County Superior Court. Heard in the Court of Appeals 31 March 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Teresa M. Postell, for the State.*

*Yoder Law PLLC, by Jason Christopher Yoder, for defendant.*

ARROWOOD, Judge.

Edward Bickerton Lane, Jr. ("defendant") appeals from orders denying his motion for appropriate relief ("MAR") and motion for discovery. Defendant contends the trial court erred in concluding that a finding of no plain error precludes a finding of ineffective assistance of counsel and that defendant's MAR was frivolous. In the alternative, defendant contends the trial court erred in denying his motion for discovery and motion for post-conviction discovery where he was represented by

counsel in a post-conviction proceeding pursuant to N.C. Gen. Stat. § 15A-1415(f). For the following reasons, we affirm the order of the trial court.

## I.     Background

On 14 December 2016, defendant was convicted of trafficking in opium or heroin, resisting an officer, simple possession of marijuana, and possession of drug paraphernalia. At trial, the evidence tended to show the following.

Deputy Colt Kilby ("Deputy Kilby") testified that on 18 September 2014, he observed defendant driving above the speed limit, crossing the center line, and weaving within his lane. Deputy Kilby subsequently stopped defendant for the observed traffic violations. As he approached defendant's vehicle, Deputy Kilby detected the smell of both raw and burnt marijuana. Deputy Kilby conducted a search of defendant's vehicle and retrieved several items, including: a smoking pipe containing burnt marijuana residue; small clear plastic bags of marijuana; and plastic straws that had been cut up into several short pieces, which are often used to inhale ground-up prescription pills.

Deputy Kilby also retrieved an orange bottle of pills labeled "doxycycline" that was prescribed to defendant. Upon opening the bottle, he noticed the pills did not match the label. Another deputy found a single pill inside a small black container. While Deputy Kilby was distracted, defendant tossed the pills in the orange bottle about 10 to 15 feet away from the vehicle and into a nearby grassy area. Deputy

Kilby recovered nineteen pills and the prescription bottle and arrested defendant. The pills were later identified as hydrocodone.

Defendant testified that in June 2014, he broke his left hand while at work. He received treatment for his injury at the hospital, in the course of which doctors put his hand in a cast and initially prescribed him twenty "hydrocodone fives" to take as needed for pain. Several days later, a specialist prescribed defendant an additional forty-five hydrocodone 10mg, a stronger medication. Defendant took the pills as needed and often kept the medication in his car. Defendant estimated that by September 2014, he had approximately twenty hydrocodone 10mg pills left. He also had a prescription filled in August for doxycycline, an antibiotic that treats pneumonia. Defendant testified that he had the hydrocodone pills in the car the night Deputy Kilby stopped him, and he kept a single hydrocodone pill in a separate container that he took with him to work. He further testified that he tossed the pills out while Deputy Kilby was searching his car because he "was irritated, very irritated."

A Walgreens pharmacist testified that on 13 June 2014, she filled a prescription for twenty hydrocodone of 5mg strength. On 16 June 2014, she filled a second prescription of forty-five hydrocodone 10mg. The pills were marked "Watson" and stamped with the number "853." The pharmacist further testified that if

defendant had taken the second prescription according to the doctor's instructions, it would have lasted seven days.

At the close of the State's case and at the close of all the evidence, trial counsel moved to dismiss the trafficking charge on the ground that defendant's possession of hydrocodone was pursuant to a valid prescription from a licensed physician. During the jury charge conference, trial counsel for defendant did not request any jury instruction on the definition of "unlawful" in the context of trafficking by possession, or an instruction that possession pursuant to a valid prescription was a defense to trafficking by possession. However, on the charge of unlawfully and knowingly possessing with intent to use drug paraphernalia, the jury was instructed that opium is a controlled substance that is unlawful to possess without a valid prescription from a licensed physician. Defendant was found guilty of all charges and given a consolidated sentence of 70 to 93 months' imprisonment, in addition to a mandatory fine of $50,000.00. Defendant appealed the matter to this Court.

On 14 June 2017, defendant filed an MAR contemporaneously with his appellant brief. On 19 December 2017, this Court held the trial court did not commit plain error because defendant could not establish he was prejudiced by the trial court's failure to instruct the jury on the defense of possession pursuant to a valid prescription. *State v. Lane*, Nos. 14 CRS 50314-15, 2017 WL 6460045, *2 (N.C. App. Dec. 19, 2017). In addition, we dismissed defendant's MAR without prejudice to refile

in the trial court.  On 2 February 2018, the trial court appointed counsel to represent defendant on a potential MAR and gave defendant 120 days to file an MAR or file a written notice of intent not to file.  On 14 March 2018, defendant filed a motion for discovery pursuant to N.C. Gen. Stat. § 15A-1415(f) and a proposed order.  The trial court denied the motion on the grounds that there was no current post-conviction proceeding as defendant had not yet filed an MAR.

On 29 May 2018, defendant filed an MAR alleging the same ineffective assistance of counsel claim this Court previously dismissed without prejudice.  Specifically, defendant argued he was denied his constitutional right to effective representation when his trial counsel failed to request a jury instruction that a valid prescription was a defense to trafficking in opium by possession.  In the MAR, defendant also renewed his motion for discovery and requested an opportunity to amend his motion after receiving post-conviction discovery.  On 11 January 2019, the trial court issued an order denying defendant's MAR.  The trial court concluded that because this Court found defendant was not prejudiced under the plain error standard, defendant's ineffective assistance of counsel claim must also fail.  On 7 June 2019, defendant filed a petition for *writ of certiorari* asking this Court to review the trial court's order denying defendant's MAR.  Defendant also later filed a motion for initial *en banc* hearing.  We granted *certiorari*, but denied the motion for an *en banc* hearing.

## II.    Discussion

On appeal, defendant argues that the trial court erred in concluding that a finding of no plain error precludes a finding of ineffective assistance of counsel and that his MAR was frivolous.  In the alternative, defendant contends the trial court erred in denying his motion for discovery where he was represented by counsel in a post-conviction proceeding pursuant to N.C. Gen. Stat. § 15A-1415(f).

"Our review of a trial court's ruling on a defendant's MAR is 'whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court.' " *State v. Peterson,* 228 N.C. App. 339, 343, 744 S.E.2d 153, 157 (2013) (quoting *State v. Stevens,* 305 N.C. 712, 720, 291 S.E.2d 585, 591 (1982)).  " 'When a trial court's findings on a motion for appropriate relief are reviewed, these findings are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion.  However, the trial court's conclusions are fully reviewable on appeal.' " *State v. Lutz*, 177 N.C. App. 140, 142, 628 S.E.2d 34, 35 (2006) (quoting *State v. Wilkins*, 131 N.C. App. 220, 223, 506 S.E.2d 274, 276 (1998)).

### 1.    Ineffective Assistance of Counsel

Defendant first argues the trial court erred in concluding that a finding of no plain error requires a finding of no ineffective assistance of counsel.  In support of his

argument, defendant points to differences between the plain error standard and the ineffective assistance of counsel test set forth in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed.2d 674 (1984). We agree with defendant that the plain error standard and ineffective assistance of counsel test are not so similar that a finding of no plain error always precludes a finding of ineffective assistance of counsel.

The Sixth Amendment to the Constitution guarantees criminal defendants the right to counsel, which courts have recognized necessarily includes the right to effective assistance or representation by counsel. *Strickland*, 466 U.S. 668, 686, 80 L. Ed.2d at 692 (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 25 L. Ed.2d 763, 773, n. 14 (1970)). Thus, ineffective assistance of counsel violates that right. In *Strickland*, the United States Supreme Court established the two-part test for ineffective assistance of counsel subsequently adopted by our Supreme Court years ago in *State v. Braswell*, 312 N.C. 553, 324 S.E.2d 241 (1985). Pursuant to *Strickland*, when bringing an ineffective assistance of counsel claim, a defendant must do the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made error so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's error were [sic] so serious as to deprive the defendant of a fair trial, *a trial whose result is reliable.*

*Braswell*, 312 N.C. at 562, 324 S.E.2d at 248 (emphasis in original) (quoting *Strickland*, 466 U.S. at 687, 80 L. Ed.2d at 693). The Supreme Court, further elaborating on the prejudice prong, explained that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 80 L. Ed.2d at 698.

In comparison, under North Carolina's plain error standard:

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations, quotation marks, and brackets omitted). Thus, plain error should only be found where "the claimed error is a *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial.' " *Id.* at 516-17, 723 S.E.2d at 333 (emphasis in original) (quoting *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)).

Notably, both the ineffective assistance of counsel test and the plain error standard require a showing of prejudice. Under the former, a defendant must show a "reasonable probability" the result of the proceeding would have been different, while under the latter, they must show the error had a "probable impact" on the jury's finding of guilt. Given their similar language, the two prejudice inquiries initially appear to be the same. This Court has thus previously held that a finding of no prejudice under one also means the prejudice requirement of the other cannot be met as well, particularly in the context of jury instructions. *See State v. Land*, 223 N.C. App. 305, 316, 733 S.E.2d 588, 595 (2012), *aff'd*, 366 N.C. 550, 742 S.E.2d 803 (2013) ("Since the trial court did not commit plain error when failing to give the [jury] instructions at issue, defendant cannot establish the necessary prejudice required to show ineffective assistance of counsel for failure to request the instructions."); *State v. Seagroves*, 78 N.C. App. 49, 54, 336 S.E.2d 684, 688 (1985) ("There being no 'plain error' in the jury instructions, defendant's assertion of ineffective assistance of counsel with respect thereto must also fail.").

However, a review of North Carolina appellate decisions on the matter reveals that there has been no thorough examination and comparison of the plain error standard and ineffective assistance of counsel test by this Court or our Supreme Court. We thus take the opportunity to do so here.

We first consider the differences in language used to articulate the two prejudice inquiries. Prejudice under plain error requires that the *trial court's* error have had a "probable impact" on the jury's finding of guilt. *Odom,* 307 N.C. at 660, 300 S.E.2d at 378. The plain error rule thus requires a defendant to show "[i]n other words, . . . that the error in question 'tilted the scales' and caused the jury to reach its verdict convicting the defendant." *State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986) (citing *State v. Black*, 308 N.C. 736, 741, 303 S.E.2d 804, 806-807 (1983)). In *State v. Juarez*, our Supreme Court emphasized that "[f]or plain error to be found, it must be probable, not just possible, that absent the instructional error the jury would have returned a different verdict." 369 N.C. 351, 358, 794 S.E.2d 293, 300 (2016) (citing *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334). In *Lawrence*, that court illustrated the defendant's high burden of proof under plain error, explaining that "[i]n light of the overwhelming and uncontroverted evidence, defendant cannot show that, absent the error, the jury probably would have returned a different verdict. Thus, he cannot show the prejudicial effect necessary to establish that the error was a fundamental error." *Lawrence*, 365 N.C. at 519, 723 S.E.2d at 335.

In contrast, prejudice under the ineffective assistance of counsel test requires a showing of "reasonable probability" that, "but for *counsel's* unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 80 L. Ed.2d at 698. "A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.* Under the reasonable probability standard, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693, 80 L. Ed.2d at 697. However, the defendant does need to demonstrate that "at least one juror would have struck a different balance." *Wiggins v. Smith*, 539 U.S. 510, 537, 156 L. Ed.2d 471, 495 (2003).

While under the reasonable probability standard "[t]he likelihood of a different result must be substantial, not just conceivable[,]" *Harrington v. Richter*, 562 U.S. 86, 112, 178 L. Ed.2d 624, 647 (2011), it is something less than that required under plain error. In *State v. Sanderson*, our Supreme Court noted that we adopted the ineffective assistance of counsel test in *Strickland* as our own standard because it mirrored the language of our statutorily enacted test for prejudice under N.C. Gen. Stat. § 15A-1443(a). 346 N.C. 669, 684, 488 S.E.2d 133, 141 (1997). Pursuant to N.C. Gen. Stat. § 15A-1443(a), criminal defendants alleging prejudice due to errors preserved for review on appeal must demonstrate "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial." N.C. Gen. Stat. § 15A-1443(a) (2019). Importantly, "the test for 'plain error' places a much heavier burden upon the defendant than that imposed by [N.C. Gen. Stat.] § 15A-1443 upon defendants who have preserved their rights by timely objection." *Walker*, 316 N.C. at 39, 340 S.E.2d at 83. It follows, then, that the prejudice prong of the ineffective assistance of counsel test, which is almost identical

to the prejudice inquiry under N.C. Gen. Stat. § 15A-1443(a), also imposes a lesser burden than that imposed by plain error.

This line of reasoning is further supported by the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362, 146 L. Ed.2d 389 (2000). In discussing the ways in which a state-court decision would be contrary to clearly established precedent in *Strickland*, the *Williams* court noted that:

> If a state court were to reject a prisoner's claim of ineffective assistance of counsel on the grounds that the prisoner had not established by a preponderance of the evidence that the result of his criminal proceeding would have been different, that decision would be "diametrically different," "opposite in character or nature," and "mutually opposed" to our clearly established precedent because we held in *Strickland* that the prisoner need only demonstrate a "reasonable probability that . . . the result of the proceeding would have been different.

*Williams*, 529 U.S. at 405-406, 146 L. Ed.2d at 425-26 (citing *Strickland*, 466 U.S. at 694, 80 L. Ed.2d at 698). Thus, the "reasonable probability" standard of the ineffective assistance of counsel test can be satisfied by something less than the 51% certainty associated with the preponderance of the evidence standard. In contrast, the "probable impact" standard under plain error seems to require at least that much. *See Walker*, 316 N.C. at 39, 340 S.E.2d at 83 (holding that plain error requires that "the error in question 'tilted the scales' and caused the jury to reach its verdict convicting the defendant.").

Moreover, other differences between the plain error standard and ineffective assistance of counsel test compel us to conclude that application of the two will not always necessarily lend the same results. On this point, we find the Fourth Circuit's reasoning in *United States v. Carthorne*, 878 F.3d 458 (4th Cir. 2017) persuasive. There, the *Carthorne* court also considered the issue of "whether application of the plain error standard and the ineffective assistance of counsel standard ordinarily requires equivalent outcomes." *Id.* at 464. Similar to defendant here, the defendant in *Carthorne* argued that the lower court erred "in concluding that the absence of plain error on direct appeal constituted a basis for denial of relief on collateral review for ineffective assistance of counsel." *Id.* at 463.

As the *Carthorne* court noted, the plain error standard and ineffective assistance of counsel test "serve different, yet complementary, purposes," with the former concerned with trial court errors and the latter with errors by counsel. *Id.* at 465. Though both require a showing of prejudice, they differ in several important respects.

> The ineffective assistance inquiry focuses on a factor that is not considered in a plain error analysis, namely, the objective reasonableness of counsel's performance. In addition, plain error review requires that there be settled precedent before a defendant may be granted relief, while the ineffective assistance standard may require that counsel raise material issues even in the absence of decisive precedent.

> There is also a temporal distinction in the analysis performed under the two types of review. Claims of ineffective assistance are evaluated in light of the available authority at the time of counsel's allegedly deficient performance. But the plain error inquiry applies precedential authority existing at the time of appellate review. These differences, considered collectively, demonstrate why claims of ineffective assistance of counsel are not limited by an appellate court's analysis whether a trial court plainly erred.

*Id.* at 465-66 (internal citations omitted). In addition, because ineffective assistance of counsel claims focus on the reasonableness of counsel's performance, courts can consider the cumulative effect of alleged errors by counsel. *See Williams*, 529 U.S. at 395-99, 146 L. Ed.2d at 419-21 (holding that the lower court correctly considered the cumulative effect of failure to raise mitigation evidence in ruling upon an ineffective assistance of counsel claim); *State v. Thompson*, 359 N.C. 77, 121-22, 604 S.E.2d 850, 880-81 (2004) (recognizing cumulative argument but dismissing ineffective assistance of counsel claim on other grounds). In contrast, prejudice under plain error is not reviewed on a cumulative basis. *State v. Holbrook*, 137 N.C. App. 766, 769, 529 S.E.2d 510, 512 (2000). Moreover, error that was invited by the defendant is not reviewable under plain error, *State v. Barber*, 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001), but may still form the basis of a successful ineffective assistance of counsel claim if counsel had no reasonable strategy for making the error.

The different purposes and concerns of the two standards thus play a significant role in shaping the outcome of their application. As long as counsel's

deficient performance created a fundamentally unfair trial whose results were unreliable, an ineffective assistance of counsel claim will be successful despite the absence of plain error. *See Kimmelman v. Morrison,* 477 U.S. 365, 374, 91 L. Ed.2d 305, 318-19 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."). Accordingly, there will be instances in which the trial court committed no plain error but counsel rendered ineffective assistance, and vice versa. *See United States v. Span*, 75 F.3d 1383, 1389-90 (9th Cir. 1996) (holding that counsel's failure to raise an objection to jury instructions was ineffective assistance, even though district court's instructions were not plainly erroneous). In addition, as discussed *supra*, the different thresholds of prejudice (i.e. "reasonable probability" versus "probable impact") also mean that a claim that fails the plain error test may still be a successful ineffective assistance of counsel claim. Thus, while an analysis of plain error may inform an analysis of prejudice under the ineffective assistance of counsel test, it should not be determinative.

Having determined that sufficient differences exist between the plain error and ineffective assistance of counsel standards such that separate and independent inquiries are required, we now address whether the trial court properly dismissed the claims raised in defendant's MAR.

In the present case, upon defendant's appeal of his criminal convictions to this Court, we previously held the trial court did not commit plain error when it failed to instruct the jury on the defense of possession pursuant to a valid prescription. *Lane*, Nos. 14 CRS 50314-15, 2017 WL 6460045, at *2. In reaching our holding, we noted that defendant could not satisfy the prejudice requirement under the plain error standard because, in light of the ample evidence from which the jury could deduce defendant did not possess the hydrocodone pills lawfully, it was very likely the jury would have reached the same conclusion even absent the trial court's alleged error. *Id.* Because we found no plain error, the trial court subsequently denied defendant's MAR alleging ineffective assistance of counsel, reasoning that it was compelled by this Court's precedent to deny defendant's ineffective assistance of counsel claim where there was no plain error.

In the alternative, the trial court, adopting our reasoning in *Lane*, concluded that, based on the evidence presented at trial, defendant failed to establish a reasonable probability that the result of the proceeding would have been different had trial counsel requested the valid prescription jury instruction. Because as analyzed above, a finding of no plain error does not preclude a finding of ineffective assistance of counsel, the trial court erred in dismissing defendant's claim on that basis. However, to the extent the trial court conducted a *Strickland* analysis of

defendant's ineffective assistance of counsel claim in its alternative holding, we affirm on that ground.

As discussed *supra*, under *Strickland*, we apply a two-part test to determine whether a defendant was denied effective assistance of counsel. First, the defendant must show his counsel's performance was deficient, such that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 80 L. Ed.2d at 693. Second, the defendant must show counsel's alleged errors prejudiced him such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 80 L. Ed.2d at 698.

In the present case, defendant was charged and convicted of trafficking opium by possession. Lawful possession is a defense to Section 90-95 of the Controlled Substances Act, which "makes the possession, transportation[,] or delivery of a controlled substance a crime." *State v. Beam*, 201 N.C. App. 643, 649, 688 S.E.2d 40, 44 (2010). Pursuant to N.C. Gen. Stat. § 90-101(c)(3), an individual lawfully possesses a controlled substance if they are "[a]n ultimate user or a person in possession of any controlled substance pursuant to a lawful order of a practitioner." N.C. Gen. Stat. § 90-101(c)(3) (2019). An "ultimate user" is "a person who lawfully possesses a controlled substance for his own use, or for the use of a member of his household." N.C. Gen. Stat. § 90-87(27) (2019).

Defendant's entire defense to trafficking opium by possession rested on his assertion he possessed the hydrocodone pills pursuant to a valid prescription. At trial, there was conflicting evidence on that issue. Though defendant at one point had a valid prescription for 45 pills of 10mg hydrocodone, that prescription was only supposed to last seven days and was filled three months prior to defendant's encounter with law enforcement. During the search of defendant's car, twenty hydrocodone pills were found in a prescription bottle labeled "doxycycline," and defendant attempted to get rid of the pills while the deputies searching his car were distracted. Deputies also found several cut up straws commonly used to inhale crushed pills. Despite evidence supporting a theory of illegal possession, however, there was also some evidence that defendant lawfully possessed the pills as well. While testimony by defendant's pharmacist indicated the pills prescribed to defendant would only last seven days if taken as prescribed, according to defendant, he only took them "as needed for pain." In addition, the pills recovered by law enforcement were marked "Watson 853," similar to the pills prescribed to defendant.

At the close of all the evidence, trial counsel for defense moved to dismiss the trafficking charge on the ground that defendant's possession of hydrocodone was pursuant to a valid prescription. However, trial counsel failed to request a jury instruction on the defense defendant lawfully possessed the hydrocodone pills. After the jury charge, trial counsel also failed to object to any of the instructions given.

"Failure to instruct upon all substantive or material features of the crime charged is error." *State v. Bogle*, 324 N.C. 190, 195, 376 S.E.2d 745, 748 (1989) (citing *State v. Loftin*, 322 N.C. 375, 368 S.E.2d 613 (1988)). "All defenses arising from the evidence presented during the trial constitute substantive features of a case and therefore warrant the trial court's instruction thereon." *Loftin*, 322 N.C. at 381, 368 S.E.2d at 617 (citations omitted). Because defendant presented evidence he lawfully possessed the hydrocodone pills, he was entitled to a jury instruction on that defense. Though trial counsel argued throughout the trial that defendant possessed the pills pursuant to a valid prescription, " '[o]n matters of law, arguments of counsel do not effectively substitute for statements by the court.' " *State v. Locklear*, 363 N.C. 438, 466, 681 S.E.2d 293, 313 (2009) (quoting *State v. Spruill*, 338 N.C. 612, 654, 452 S.E.2d 279, 302 (1994)).

Whether trial counsel's performance was deficient because she failed to request a jury instruction on the lawful possession defense depends on whether her conduct "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 80 L. Ed.2d at 693. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and to overcome this presumption defendant must show that the challenged action cannot be considered sound trial strategy. *Id.* at 689, 80 L. Ed.2d at 694-95. As the trial court noted, the burden of proof for proving an exemption to the Controlled Substances Act, including

the "ultimate user" exemption, lies with the defendant. Thus, had trial counsel requested the valid prescription instruction, she could have risked highlighting this burden to the jury and possibly negating the value of the evidence that defendant lawfully possessed the pills.

Even assuming counsel's performance was deficient, however, "[t]he fact that counsel made an error, even an unreasonable error, does not warrant reversal of a conviction unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." *Braswell*, 312 N.C. at 563, 324 S.E.2d at 248 (citing *Strickland*, 466 U.S. at 694, 80 L. Ed.2d at 698). Importantly, "*Strickland* asks whether it is 'reasonably likely' the result would have been different[,]" and "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 111-12, 178 L. Ed.2d. at 647 (citing *Strickland*, 466 U.S. at 693, 696, 80 L. Ed.2d at 697, 699). Though defendant argues it is possible that "at least one juror would have struck a different balance" if presented with the valid prescription defense, we think it more probable that the result of the proceeding would have been the same.

The jury was presented with evidence defendant possessed the pills pursuant to a valid prescription and also heard trial counsel argue defendant's lawful possession of the pills several times. In addition, on the charge of unlawfully and knowingly possessing with intent to use drug paraphernalia, the jury was instructed

that opium is a controlled substance that is unlawful to possess without a valid prescription from a licensed physician. Under these facts, trial counsel's failure to request that the jury be instructed on the definition of "unlawful" and on the defense of possession pursuant to a valid prescription does not "undermine confidence" in the result and create a reasonable probability that the result of the proceeding would have been different. We therefore affirm the order of the trial court.

### 2.    MAR not Frivolous

Defendant next argues the trial court erred in finding that his MAR was frivolous and without merit pursuant to N.C. Gen. Stat. § 15A-1420 and thus not entitled to an evidentiary hearing. When considering a motion for appropriate relief, "[t]he judge assigned to the motion shall conduct an initial review of the motion. If the judge determines that all of the claims alleged in the motion are frivolous, the judge shall deny the motion." N.C. Gen. Stat. § 15A-1420(b1)(3) (2019). Furthermore "[a]ny party is entitled to a hearing on questions of law or fact arising from the motion and any supporting or opposing information presented unless the court determines that the motion is without merit." N.C. Gen. Stat. § 15A-1420(c)(1). The term "frivolous" is not defined by statute. However, our case law has defined frivolous claims as those claims that have no merit. *See State v. Kinch*, 314 N.C. 99, 102, 331 S.E.2d 665, 666 (1985) (holding that a finding of no merit in assignments of error "is tantamount to a conclusion that the appeal is wholly frivolous."). Non-meritorious or

frivolous claims are those that are "not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Long v. Long*, 119 N.C. App. 500, 507, 459 S.E.2d 58, 63 (1995) (citing N.C.R. App. P. 34(a)(1)).

Here, the trial court denied defendant's MAR on the basis his ineffective assistance of counsel claim could not succeed given this Court already found no plain error occurred at trial. Relying on this Court's prior holdings, which did not address the differences between plain error and the ineffective assistance of counsel test, the trial court found that existing law did not support defendant's argument. However, to the extent that defendant argued in good faith for a modification or reversal of existing law, his MAR was not frivolous. Because defendant raised arguments not yet addressed by North Carolina appellate courts that support a modification or reversal of existing law, the trial court erred in finding his MAR to be frivolous and without merit. Nevertheless, because "[t]he court must determine the motion without an evidentiary hearing when the motion and supporting and opposing information present only questions of law[,]" the trial court properly concluded defendant was not entitled to an evidentiary hearing. N.C. Gen. Stat. § 15A-1420(c)(3).

Defendant lastly contends that, in the alternative, the trial court erred in denying his motion for discovery and renewed motion for discovery in contravention

of N.C. Gen. Stat. § 15A-1415(f). Because we hold defendant did not receive ineffective assistance of counsel, we decline to address his argument.

III.    Conclusion

For the foregoing reasons, we affirm the order of the trial court.

AFFIRMED.

Judges BRYANT and DIETZ concur.