IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-701

No. COA21-268

Filed 21 December 2021

Wake County, Nos. 14 CRS 226605, 15 CRS 4735-36, 4741

STATE OF NORTH CAROLINA

v.

EDWARD THORPE

Appeal by defendant from order entered 21 October 2020 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 16 November 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Zachary K. Dunn, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi Reiner, for defendant.*

ARROWOOD, Judge.

¶ 1      Edward Thorpe ("defendant") appeals from order denying his motion for appropriate relief ("MAR") and habeas corpus claims therein. Defendant contends he is entitled to relief because his medical history poses a particular risk of serious illness or death from COVID-19 while incarcerated. For the following reasons, we affirm.

I.      <u>Background</u>

Between 26 January 2015 and 29 September 2015, defendant was indicted on counts of breaking and entering, larceny after breaking and entering, possession of stolen goods, assault on a female, habitual misdemeanor assault, and establishing himself as a habitual felon. On 9 February 2016, defendant entered into a plea agreement in which he pled guilty to two counts of habitual misdemeanor assault and one count each of breaking and entering, larceny, and possession of stolen goods, and in which he also admitted his status as a habitual felon. In exchange, these charges were consolidated into a single judgment of 77 to 105 months imprisonment, and his remaining charges were dismissed. Defendant was so sentenced on 30 May 2017.

On 14 October 2020, defendant, acting *pro se*, filed a MAR in which he claimed his underlying health conditions,[1] coupled with his living arrangements while incarcerated, made him especially susceptible to severe illness or death from the COVID-19 pandemic (the "pandemic"). Thus, defendant argued his "continued confinement in prison violate[d] his right to be free from cruel punishment under Article I, § 27 of the North Carolina Constitution."

---

[1] Namely, diabetes and hypertension. Defendant presented minimal documentation of his own medical condition and failed to present any medical evidence regarding how his specific medical conditions place him at increased risk due to COVID-19. Instead, defendant's MAR cited to various websites purportedly supporting his arguments regarding the risks of COVID-19. However, we will assume *arguendo* that his allegations regarding his health conditions and increased risk are accurate.

Defendant argued "the MAR statutes were enacted as mechanisms for amending sentences previously believed to be lawful." In the alternative, defendant sought relief under "North Carolina's habeas statutes[,]" arguing he was entitled to be discharged under N.C. Gen. Stat. § 17-33(2). In conclusion, defendant requested that his habitual felon status be vacated, his remaining convictions be consolidated, his judgment be amended "without habitual felon status" and with a "Class H, Level VI sentence of 25-34 months[,]" "or other appropriate relief[.]"

In an order issued on 21 October 2020, the trial court denied defendant's MAR as well as his request to " 'amend his conviction' by way of habeas corpus" for lack of any statutory or appellate authority to grant the relief sought. On 19 November 2020, defendant filed a Petition for *Writ of Certiorari* with this Court seeking review of the trial court's order. Defendant's petition was granted on 16 December 2020.

Notably, on 3 February 2021, defendant was released from prison "as part of the Extended Limits of Confinement program." Defendant contends, however, that he could still be returned to prison at this time and thus his appeal is not moot.

## II. Discussion

On appeal, defendant argues that: (A) the trial court erred in denying his MAR, claiming he "is entitled to MAR relief under N.C. [Gen. Stat.] § 15A-1415(b)(8) because the combination of his pre-existing health conditions and the risk of

coronavirus exposure in prison constitute cruel and unusual punishment[,]" rendering his sentence invalid as a matter of law; and (B) the trial court erred by "misapprehend[ing] the law regarding the availability of alternate habeas relief[,]" warranting a remand.

¶ 8    Because defendant is serving his sentence outside of prison, he "has therefore received the relief requested . . . and this case is moot." *State v. Daw*, 2021-NCCOA-180, ¶ 12.  However, because "the public interest exception applies" in this case, we "will proceed to address the merits . . . ." *Id.* ¶ 17.[2]

## A.    Motion for Appropriate Relief

¶ 9    "Our review of a trial court's ruling on a defendant's MAR is 'whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court.'" *State v. Peterson*, 228 N.C. App. 339, 343, 744 S.E.2d 153, 157 (2013) (citations omitted).  " 'When a trial court's findings on a [MAR] are reviewed, these findings are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion.  However, the trial court's conclusions are fully reviewable on appeal.' " *State v. Lutz*, 177 N.C. App. 140,

---

[2] "Resolution of the questions presented by this appeal on the merits would therefore clearly affect 'members of the public beyond just the parties in the immediate case.' " *Daw*, ¶ 17 (quoting *Chavez v. Carmichael*, 262 N.C. App. 196, 203-204, 822 S.E.2d 131, 137 (2018)).

142, 628 S.E.2d 34, 35 (2006) (quoting *State v. Wilkins*, 131 N.C. App. 220, 223, 506 S.E.2d 274, 276 (1998)).

¶ 10        N.C. Gen. Stat. § 15A-1415(b)(8), upon which defendant asserts his MAR, provides, in pertinent part, that relief is warranted when:

> The sentence imposed was unauthorized at the time imposed, contained a type of sentence disposition or a term of imprisonment not authorized for the particular class of offense and prior record or conviction level was illegally imposed, *or is otherwise invalid as a matter of law*.

N.C. Gen. Stat. § 15A-1415(b)(8) (2019) (emphasis added).

¶ 11        Defendant argues that his sentence is invalid as a matter of law due to the ongoing pandemic. Specifically, defendant contends that, because of his health condition, his continued imprisonment constituted cruel and unusual punishment under the North Carolina and the United States Constitutions. He however cites no binding precedent stating that requiring one to serve a sentence, which was lawful when imposed, during pandemic times makes a sentence cruel and unusual.

¶ 12        The trial court's judgment, sentencing defendant to 77 to 105 months' imprisonment, was filed in 2017, years before the pandemic had even begun. Thus, the original judgment, which does not on its face present any other error of law unrelated to the pandemic, is lawful. While we do not dispute the gravity of defendant's predicament in the context of a global pandemic, and while the State may well have a duty to modify the conditions under which it holds individuals who are

incarcerated, the mere fact that one is held in prison does not give rise to a claim of cruel and unusual punishment or make that imprisonment invalid as a matter of law. Therefore, defendant had no recourse under N.C. Gen. Stat. § 15A-1415(b)(8).

Accordingly, the trial court did not err when it found it had "no statutory authority" to vacate defendant's judgment and denied his MAR.

## B. Availability of Relief Under Habeas Corpus

Defendant seeks, in the alternative, relief under "North Carolina's habeas statutes" merely by reference in his MAR. Specifically, defendant has not formally filed a Petition for Writ of Habeas Corpus, in violation of procedural formalities imposed by statute. In fact, N.C. Gen. Stat. § 17-7 provides:

> The application must state, in substance, as follows:
>
> (1) That the party, in whose behalf the writ is applied for, is imprisoned or restrained of his liberty, the place where, and the officer or person by whom he is imprisoned or restrained, naming both parties, if their names are known, or describing them if they are not known.
>
> (2) The cause or pretense of such imprisonment or restraint, according to the knowledge or belief of the applicant.
>
> (3) If the imprisonment is by virtue of any warrant or other process, a copy thereof shall be annexed, or it shall be made to appear that a copy thereof has been demanded and refused, or that for some sufficient reason a demand for such copy could not be made.

> (4) If the imprisonment or restraint is alleged to be illegal, the application must state in what the alleged illegality consists; and that the legality of the imprisonment or restraint has not been already adjudged, upon a prior writ of habeas corpus, to the knowledge or belief of the applicant.
>
> (5) The facts set forth in the application must be verified by the oath of the applicant, or by that of some other credible witness, which oath may be administered by any person authorized by law to take affidavits.

N.C. Gen. Stat. § 17-7 (2019).

¶ 15    As the trial court noted in its order, defendant's MAR lacks the procedural requirements set out by N.C. Gen. Stat. § 17-7, particularly subsections (1), (4), and (5). Given these deficiencies, the trial court did not err in denying the alternative relief under habeas corpus.[3] Our affirmation of this denial is without prejudice to defendant's right to seek habeas relief with a properly supported petition.

## III.    Conclusion

¶ 16    For the foregoing reasons, the trial court did not err in denying defendant's MAR and the habeas corpus claim therein.

AFFIRMED.

Chief Judge STROUD and Judge JACKSON concur.

---

[3] We thus deny, per our opinion, the State's motion to dismiss this appeal.